MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
ALBERTO TORRES, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

          -against-

CHOI'S POTISMAN CLEANER, INC. (d/b/a POTISMAN CLEANERS), POTISMAN CLEANERS OF NEW YORK, INC. (d/b/a/ POTISMAN CLEANERS), POTISMAN CLEANERS, INC. (d/b/a/ POTISMAN CLEANERS), HYUN SOOK CHOI and NATHAN BER,

                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alberto Torres, individually and on behalf of others similarly situated ("Plaintiff Torres" or "Mr. Torres"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Choi's Potisman Cleaner, Inc. (d/b/a/ Potisman Cleaners), Potisman Cleaners of New York, Inc. (d/b/a/ Potisman Cleaners), Potisman Cleaners, Inc. (d/b/a/ Potisman Cleaners) ("Defendant Corporations"), Hyun Sook Choi and Nathan Ber (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Torres was an employee of Defendants Choi's Potisman Cleaner, Inc. (d/b/a/ Potisman Cleaners), Potisman Cleaners of New York, Inc. (d/b/a/ Potisman Cleaners),

Potisman Cleaners, Inc. (d/b/a/ Potisman Cleaners), Hyun Sook Choi and Nathan Ber (collectively, "Defendants").

2. Upon information and belief, Defendants owned, operated or controlled a full service cleaner which operated under the name Potisman Cleaners and was located at 1476 York Avenue, New York, New York, 10075.

3. Upon information and belief individual Defendants Hyun Sook Choi and Nathan Ber serve or served as owners, managers, principal and/or agents of Defendant Corporations, and through these corporate entities operate or operated a full service laundry and cleaner business (Potisman Cleaners), as a joint or unified enterprise.

4. Plaintiff Torres worked at a full service laundry and cleaner located at 1476 York Avenue, New York, New York, 10075, where he ironed clothes.

5. Plaintiff Torres regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Torres appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Torres to all other similarly situated employees.

8. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Torres now brings this action on behalf of himself and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the minimum wage and overtime law, including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Torres seeks certification of this action as a collective action on behalf of himself individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

11. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Torres' state law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Torres was employed by Defendants in this district.

## PARTIES

*Plaintiff Alberto Torres*

13. Plaintiff Alberto Torres ("Plaintiff Torres" or "Mr. Torres") is an adult individual residing in Queens County, New York. Plaintiff Torres was employed by Defendants from approximately June 8, 2013 to on or about June 15, 2017.

14. At all relevant times to this complaint, Plaintiff Torres was employed by Defendants to iron clothes at Potisman Cleaners located at 1476 York Avenue, New York, New York, 10075.

15. Plaintiff Torres consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. Defendants owned, operated, and/or controlled a full service Laundry and cleaner located at 1476 York Avenue, New York, New York, 10075, under the name "Potisman Cleaners".

17. Upon information and belief, Defendant Choi's Potisman Cleaner, Inc. ("Potisman Cleaners" or "Defendant Corporation") was a Corporations organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporations maintained its principle place of business at 1476 York Avenue, New York, New York, 10075.

18. Upon information and belief, Defendant Potisman Cleaners of New York, Inc. ("Potisman Cleaners" or "Defendant Corporation") was a Corporations organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporations maintained its principle place of business at 1476 York Avenue, New York, New York, 10075.

19. Upon information and belief, Defendant Potisman Cleaners, Inc. ("Potisman Cleaners" or "Defendant Corporation") was a Corporations organized and existing under the laws of the State of New York. Upon information and belief, Defendant Corporations maintained its principle place of business at 1476 York Avenue, New York, New York, 10075.

20. Defendant Hyun Sook Choi is an individual who was engaged in business within this judicial district during the relevant time period. Defendant Hyun Sook Choi is sued individually and in his/her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Hyun Sook Choi possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Hyun Sook Choi determined the wages and compensation of the employees of Defendants, including Plaintiff Torres, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21. Defendant Nathan Ber is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Nathan Ber is sued individually and in his/her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Nathan Ber possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Nathan Ber determined the wages and compensation of the employees of Defendants, including Plaintiff Torres, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

22. Defendants operated a full service laundry and cleaner located at the East Village section of Manhattan in New York City.

23. At all relevant times, Individual Defendants, Hyun Sook Choi And NATHAN BER possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. At all relevant times, each Defendant possessed substantial control over Plaintiff Torres' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Torres, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Torres , and all similarly situated individuals, and are Plaintiff Torres' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Torres and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants HYUN SOOK CHOI and NATHAN BER operated Defendant Corporations as either alter egos of themselves, and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

    (b) defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations or closely controlled entities;

(f) intermingling assets and debts of their own with Defendant Corporations;

(g) diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Torres' employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Torres, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Torres' services.

31. In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner/Laundry and Cleaner on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Torres is a former employee of Defendants primarily employed in ironing clothes.

34. Plaintiff Torres seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alberto Torres*

35. Plaintiff Torres was employed by Defendants from approximately November 2011 until on or about August 15, 2016.

36. At all relevant times, Plaintiff Torres was employed by Defendants to perform the duties of ironing clothes.

37. Plaintiff Torres regularly handled goods in interstate commerce, such as starches and other cleaning agents necessary to perform the work that were produced outside of the State of New York.

38. Plaintiff Torres' work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Torres regularly worked in excess of 40 hours per week.

40. From approximately November 2011 until on or about August 15,2016, Plaintiff Torres regularly worked from approximately 7:30 a.m. until on or about 5:00 p.m. Mondays through Saturdays (typically 57 hours per week).

41. Throughout his employment with Defendants, Plaintiff Torres was paid his wages in cash.

42. From approximately November 2011 to May 2014, defendants paid Plaintiff Torres a fixed salary of $550 per week.

43. From approximately June 2014 until on or about December 2014, defendants paid Plaintiff Torres a fixed salary of $590 per week.

8

44. From approximately January 2015 until on or about August 15, 2016, defendants paid Plaintiff Torres a fixed salary of $590 per week.

45. Prior to January 2015, Plaintiff Torres was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices, or other means, was given to Plaintiff Torres regarding wages as required under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Torres with each payment of wages a statement of wages, as required by NYLL 195(3).

48. Defendants did not give any notice to Plaintiff Torres, in English and in Spanish (Plaintiff Torres' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

49. Defendants regularly required Plaintiff Torres to work in excess of forty (40) hours per week without paying him the required minimum wage and overtime compensation.

50. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Torres and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate straight rate, or overtime compensation, as required by federal and state laws.

51. Plaintiff Torres, and upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

52. Defendants' pay practices resulted in Plaintiff Torres not receiving payment for all his hours worked, resulting in Plaintiff Torres' effective rate of pay falling below the required minimum and overtime wage rate.

53. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

54. Defendants always paid Plaintiff Torres all his wages in cash.

55. Defendants did not post required wage and hour posters in the full service laundry and cleaner.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Torres (and similarly situated individuals) worked, and to avoid paying Plaintiff Torres properly for his full hours worked and for overtime wages due.

57. Plaintiff Torres has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

58. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Torres by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

59. Defendants failed to provide Plaintiff Torres and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Torres and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Torres brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Potisman Cleaners (the "FLSA Class").

62. At all relevant times, Plaintiff Torres and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

63. The claims of Plaintiff Torres stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Torres' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

66. Defendants had the power to hire and fire Plaintiff Torres (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

69. Defendants failed to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of the FLSA, failed to pay Plaintiff Torres (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Torres (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE LAW

76. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Torres' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Torres (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

78. Defendants, in violation of the NYLL, paid Plaintiff Torres (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

79. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Torres (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq.* and supporting regulations, failed to pay Plaintiff Torres overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

83. Defendants' failure to pay Plaintiff Torres (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Torres (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

85. Plaintiff Torres repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to provide Plaintiff Torres with a written notice, in English and in Spanish (Plaintiff Torres' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

87. Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

88. Plaintiff Torres repeats and realleges all paragraphs above as though set forth fully herein.

89. Defendants did not provide Plaintiff Torres with wage statements upon each payment of wages, as required by NYLL 195(3).

90. Defendants are liable to Plaintiff Torres in the amount of $5,000, together with costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Torres respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Torres and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Torres' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Torres and the FLSA class members;

(f) Awarding Plaintiff Torres and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Torres and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Torres ;

(i) Declaring that Defendants violated the overtime provisions and associated rules and regulations under the NYLL as to Plaintiff Torres ;

(j) Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiff Torres' compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Torres ;

(l) Awarding Plaintiff Torres damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(m) Declaring that Defendants violated the provisions of section 191 of the NYLL;

(n) Awarding Plaintiff Torres liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff Torres and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Torres and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Torres demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       December 21, 2017

                                  MICHAEL FAILLACE & ASSOCIATES, P.C.

                                  <u>/s/ Michael Faillace</u>
By:    Michael A. Faillace [MF-8436]
        60 East 42nd St., Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 13, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               Alberto Torres

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           *Alberto torres*

Date / Fecha:                13 de noviembre

*Certified as a minority-owned business in the State of New York*